**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

IN RE: CHRISTIAN SON,

                             1:23-PF-4 (BKS)

               Respondent.

_____

**Hon. Brenda K. Sannes, Chief U.S. District Judge:**

**ORDER TO SHOW CAUSE**

On July 31, 2023, United States District Judge Glenn T. Suddaby, issued a Decision and

Order referring Respondent Christian Son's "frivolous and vexatious litigation practices" to

"Chief United States District Judge Brenda K. Sannes for consideration of a possible Pre-Filing

Order against him." Decision & Order, _Son v. US Army_, No. 22-cv-1388 (GTS/DJS) (N.D.N.Y.

July 31, 2021), Dkt. No. 55. The Court accordingly considers the propriety of issuing a Pre-

Filing Order permanently enjoining Son from filing pro se any actions in the Northern District of

New York, or other sanction.

Judge Suddaby summarized Son's vexatious conduct as followed:

> In addition to asserting a claim that is based in part on factual
> allegations that may be fairly characterized as delusional and thus
> frivolous (unless one may indeed be "killed twice" and then engage
> in time travel), Plaintiff has submitted 17 improper documents to the
> Court (13 of which are fake or state material misrepresentations of
> fact, and the remaining 4 of which relate to those 13 documents) and
> thus has engaged in a litigation practice that may be fairly
> characterized as vexatious.

_Son v. US Army_, No. 22-cv-1388, Dkt. No. 55, at 14–15. Judge Suddaby noted that " at least two

of these fraudulently created documents are purported Court Orders whose signature lines bear

the undersigned Judge's name (although incorrectly spelled)." _Id._ at 14 n.6. In addition, Judge

Suddaby noted that Plaintiff's "aforementioned frivolous and vexatious litigation practices as a

1

pro se litigant have needlessly imposed an unusual and time-consuming burden on not only Defendant, the Court and its Clerk's Office but the Federal Bureau of Investigation and U.S. Marshal's Service (which were tasked with investigating Plaintiff's fraudulent filings)." *Id.* at 14–15. A review of the docket in *Son v. US Army*, No. 22-cv-1388, shows that nine of Son's submissions were stricken by Court order on a number of grounds, including failure to specify the relief sought, (Dkt. Nos. 24, 27), non-responsive, (Dkt. Nos. 30, 32), and as "fraudulent, frivolous and/or vexatious pursuant to Fed. R. Civ. P. 11 and the inherent authority of the Court to manage its docket," (Dkt. No. 54 (striking Dkt. Nos. 47–53)). Among these submissions were fraudulent documents purporting to declare Son the prevailing party in *Son v. US Army*, with signature lines purporting to contain Judge Suddaby's signature. (Dkt. No. 47-1; *see also* Dkt. No. 40 (Letter from defense counsel advising the Court that Son had emailed documents purporting to be issued "in the Court's name")).

On June 21, 2023, Judge Suddaby issued the following Text Notice:

> TEXT NOTICE advising the parties that the Court has been advised by the Clerk's Office that it has not docketed documents that Plaintiff attempted to file with the Clerk's Office between approximately June 4, 2023, and June 20, 2023, because they strongly appear to be fraudulent. This interpretation appears consistent with the letter-notice filed by the Government. (Dkt. No. 40.) The Court will address the issue when deciding Defendant's pending motion to dismiss. (Dkt. No. 36.) Until then, the Court will coordinate any necessary investigation(s) with the assistance of the U.S. Marshal's Service, the U.S. Attorney's Office, Clerk of Court John M. Domurad, and Chief U.S. District Judge Brenda K. Sannes.

*Son v. US Army*, No. 22-cv-1388, Dkt. No. 42.

On July 31, 2023, Judge Suddaby granted the defendant's motion to dismiss and dismissed Son's complaint without prejudice and without leave to amend on the ground that Son's claim of tortious misrepresentation under the Federal Tort Claims Act, 28 U.S.C. § 2674,

was barred by sovereign immunity. *Son v. US Army*, No. 22-cv-1388, Dkt. No. 55, at 12–13, 15 (explaining that although "the strongest claim suggested by Plaintiff's remaining factual allegations appears to be one of tortious misrepresentation under the Federal Tort Claims Act," ("FTCA"), the FTCA specifically excepts from the waiver of sovereign immunity "claims for misrepresentation or deceit" (quoting *Bennett v. United States Navy*, No. 96-cv-1550, 1997 WL 176728, at *1, 1997 U.S. Dist. LEXIS 21702, at *4 (E.D.N.Y. Apr. 2, 1997)). Judgment closing the case was entered the same day.[1]

As noted above, Judge Suddaby further found that Son's "frivolous and vexatious litigation practices" justified referral for consideration of the issuance of a Pre-Filing Order. *Id.* at 13–15. In doing so, Judge Suddaby noted the valid concern that lesser sanctions may not be adequate to protect the Court and Defendant because "even after Plaintiff was expressly warned by an FBI agent on June 29, 2023, that continuing to file fraudulent documents could constitute a crime, Plaintiff reportedly appeared at the Clerk's Office in Albany on the morning of July 12, 2023, for a meeting with U.S. Magistrate Judge Daniel J. Stewart and defense counsel that Plaintiff himself had purportedly scheduled but that was, in fact, unscheduled." *Id.* at 15.

A review of CM/ECF shows that *Son v. US Army*, is the only action Son[2] has filed in this District. A review of PACER shows no other actions within the Second Circuit.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be

---

[1] The Decision and Order dismissing Son's complaint and Judgment were returned as undeliverable. *See Son v. US Army*, 1:22-cv-01388, Dkt. Nos. 55, 56, 57. Son has not been in contact with the Court since July 12, 2023, when he visited the Albany Clerk's office.
[2] Son has also referred to himself as Sun Kim. (*See, e.g.*, Dkt. No. 45). Son does not appear to have filed any actions in the Northern District or Second Circuit under the name of Sun Kim.

appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). The Second Circuit has instructed that courts must consider the following factors in deciding whether to impose a Pre-Filing Order:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting *Iwachiw*, 396 F.3d at 528).

Son's conduct in *Son v. US Army*, No. 22-cv-1388, in addition to being vexatious, involved the filing of multiple fraudulent documents, some of which purported to contain Judge Suddaby's signature, but were obviously forged. Son's motive in pursuing *Son v. US Army*, No. 22-cv-1388, is unclear as the action appeared to based on allegations that, as Judge Suddaby observed, the defendant "persuasively argue[d] are delusional." *Son v. US Army*, No. 22-cv-1388, Dkt. No. 55, at 12. However, even without knowing Son's motive, Son's frivolous factual allegations allow the Court to conclude that Son lacked an objective good faith expectation of prevailing. *See Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) ("[B]ad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'"

4

(quoting *Shafii*, 83 F.3d at 571)). In filing fraudulent documents and sending similarly fraudulent documents to the defendant, Son has caused needless expense to the defendant and has posed an unnecessary burden on the Court and its personnel, as well as the FBI and U.S. Marshal's Service. As Judge Suddaby observed, because the FBI's warning that further fraudulent filings did not deter Son from subsequently appearing at the Clerk's Office for an unscheduled meeting with Magistrate Judge Stewart and defense counsel, a sanction less than a Pre-Filing Order may not be adequate to protect the court and other parties. There are, however, several factors that may weigh against the issuance of a Pre-Filing Order in this case. First, *Son v. US Army* appears to be the only action Son has filed in any district court in the Second Circuit. Second, Son has not filed any document with the Court since Judge Suddaby's issuance of the July 13, 2023 Text Order striking Son's fraudulent submissions and warning Son not to file such documents in the future. Finally, Son paid the filing fee to file *Son v. US Army* and therefore may have the ability to pay a fine.

Having carefully reviewing the record, and having considered Son's extraordinarily troubling conduct in *Son v. US Army*, No. 22-cv-1388, the Court concludes that the issuance of a Pre-Filing Order, or other sanction may be warranted. Accordingly, Son shall have fourteen (14) days from the date of this Order to show cause why a Pre-Filing Order enjoining Son from filing any future pleadings or documents of any kind (including motions) in this District pro se without prior permission of the Chief Judge or his or her designee (except pleadings or documents in an action that is open at the time of the issuance of the Court's anti-filing injunction, until that action is closed), or other sanction, should not be issued. **ACCORDINGLY**, it is

**ORDERED** that Son shall, within FOURTEEN (14) DAYS of the date of this Order, show cause, in writing, why this Court should not issue a Pre-Filing Order enjoining him from

filing any future pleadings or documents of any kind (including motions) in the Northern District

of New York pro se without prior permission of the Chief Judge or his or her designee (except

pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing

Order, until that case is closed),[3] or other sanctions; and it is further

ORDERED that, if Son does not fully comply with this Order, the Court may issue a

Pre-Filing Order, or other sanction, without further explanation; and it is further

ORDERED that the Clerk shall provide a copy of Judge Suddaby's Decision and Order,

*Son v. US Army*, No. 22-cv-1388, Dkt. No. 55 and this Order to Show Cause to Son by certified

mail.

IT IS SO ORDERED.

Dated: <u>December 13, 2023</u>

Brenda K. Sannes
Chief U.S. District Judge

---

[3] This injunction would apply to, among other things, continued filings by Son as a pro se plaintiff in any action filed by him in state court removed to this Court or filed by him in another U.S. District Court and transferred to this Court. *See Sassower v. Starr*, 338 B.R. 212, 218-19 & n.1 (S.D.N.Y. Bankr. 2006) (recognizing validity of pre-filing injunction expressly applying to actions removed from state courts to the Southern District of New York); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 126 (D. D.C. 2013) (noting that Southern District of Florida would apply its pre-filing injunction to case that was transferred there from the District for the District of Columbia); *Petrols v. Boos*, No. 10-cv-0777, 2012 WL 1193982, at *1, n.3, 2012 U.S. Dist. LEXIS 49785, at *2, n.3 (N.D. W. Va. Apr. 10, 2012) ("This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does apply to cases filed in state court that are removed to this Court."); *Kissi v. Pramco, II, LLC*, No. 09-cv-0267, 2009 WL 8636986, at *1, 2009 U.S. Dist. LEXIS 61425, at *2 (D. Md. Feb. 12, 2009) (applying District of Maryland's pre-filing injunction to case that had been transferred from the District of Delaware).